# SUPREME COURT.

## CYRUS B. LYNCH and his wife agt. JAMES M. MOSHER.

Under the present practice a motion to change the place of trial for the convenience of witnesses need not be made till after issue joined.

The motion should be made the first opportunity after joining issue. If the cause would be thrown over a circuit in consequence of such laches, it is a sufficient reason to deny the motion.

The form of an affidavit of merits upon such a motion should correspond with the practice and decisions heretofore made therein. Three things must distinctly appear—1st. That the defendant has fully and fairly stated the case to his counsel, stating his name and residence. 2d. That he is advised by his counsel that he has a good and substantial defence on the merits. And 3d. That he believes that he has such defence. (*The question of change of venue and place of trial under the former and present statutes, reviewed.*—SILL, *Justice.*)

*Erie Special Term, July,* 1849.—Motion to change the place of trial from Erie to Rensselaer county. The summons and complaint in this cause were served on the 8th day of May, 1849. The defendant's answer was served on the 23d of May. On the 9th day of June, the plaintiff served a demurrer to a part of the answer, and on the 12th day of June a reply to the residue was served. Notice of this motion with an order staying proceedings were served on the 3d day of July, for the special term to be held on the third Monday of July, instant, in Erie county. A general term of this court was held in Erie county on the 18th day of June, and in Chautauque county on the first Monday of July; and special terms of this court were held in Erie county on the third Monday of May, in Niagara county on the first Monday of June, and in Orleans county on the fourth Monday of June. And the Erie circuit was appointed for the third Monday of July, but no business was done at this circuit, on account of the prevalence of the cholera at Buffalo. That part of the affidavit on which the motion is made, intended to show a defence on the merits, is as follows: "And this deponent further says, that he has a good and substantial defence upon the merits to this action, as he is advised by his counsel, A. B. Olin, Esq., of the city of Troy, in the county of Rensselaer, *and as he believes truly,* after having fully and fairly stated the case to said counsel."

That part of the affidavit designed to show the materiality of the testimony of the witnesses, and the necessity of having them present at the trial, is in the following form. That said witnesses "are, and each of them are material and necessary witnesses for this deponent on the trial

of this cause, as this deponent is advised by said counsel, *and he believes truly*, after having fully stated to the said consel what he expects to be able to prove by each and every of the witnesses above named; and that without the benefit of the testimony of each and every of said witnesses, it would not be safe for this deponent to proceed to the trial of this cause, as he is also advised by his said counsel, and *as he believes truly.*"

The plaintiffs reside in Erie county, and the defendant in the county of Rensselaer, and this motion is made upon the ground that a majority of the witnesses reside in the latter county.

C. O. POOLE, *for the motion.*

H. SEYMOUR, Jr., *opposed*, makes the following objections:

1. The defendant was bound, before issue joined, to have demanded in writing that the trial should be had in Rensselaer county. (Code, section 126.)

2. The defendant was bound to have given notice of his motion before issue joined. By the delay the plaintiff has lost a circuit.

3. The affidavit is defective as to the merits and as to the materiality of the witnesses. It states that the defendant believes his counsel has *advised him truly* on these subjects, and does not state that he believes he has a defence on the merits, nor that he believes his witnesses to be material.

SILL, Justice.—The power of this court to change the place of trial in transitory actions for the convenience of the witnesses and parties, was originally exercised by this court as an incident to its general jurisdiction, and I do not find that the exercise of this power in such actions was the subject of statutory provision until the Revised Statutes took effect in 1830. The change of the place of trial by an order of the court, did not necessarily require the venue to be changed. The books of practice and the Revised Statutes speak of the change for the convenience of parties and witnesses, as a *change of the place of trial*, and not a change of the venue. But as the parties stood prior to the passage of the Judiciary Act of 1847, the only practical effect of naming a venue in a declaration in a transitory action, was to indicate the county in which the trial was to be had; and the court adopted the practice of changing the venue as the method of changing the place of trial, where, for the convenience of parties and witnesses, the cause ought to be tried in a county other than that specified in the declaration. The distinction between a change of venue and a change of the place of trial in this class of cases, ceased to be important, and was practically lost sight of.

This distinction, however, becomes substantial and important by the Judiciary Act of 1847. The 46th section of that act, required the venue, when the parties resided in this state, to be laid in a county where one party resided, or an adjoining county. And if the venue was not so laid, the defendant, when serving an affidavit of merits, and notice of a motion before the time to plead had expired, was entitled as a matter of course, to an order changing the venue to such county, with costs. A change of venue was granted only in cases where the plaintiff had laid it in a county other than that where a party resided or in an adjoining county; and a defendant, to avail himself of this irregularity, must serve an affidavit of merits, and give notice of a motion to correct it before the time to plead expired, or the objection was waived.

The change of the place of trial as authorized by section 49, was a different proceeding, and did not carry with it a change of the venue, nor did the provision in section 46, requiring the motion to change the venue to be noticed before the time to plead expired, have any application to a motion to change the place of trial under section 49. The time to make the latter motion was left to the practice as it stood before, or as it may have been affected by provisions of that act other than those found in section 46.

Sections 125 and 126 of the code, are substantially a re-enactment of section 46 of the Judiciary Act. The only changes which it is necessary now to notice being, that the code requires the venue to be laid in a county where a party resides; the words " the county designated for that purpose in the complaint," are used instead of the word " venue." And instead of providing for the service of an affidavit of merits and notice of motion to change the venue, the defendant must, before the time to plead expires, demand in writing that the trial be had in the proper county, that is, a county where a party resides.

The word venue, indeed, is not used in these sections, and perhaps was intentionally avoided; but its use has not been prohibited, nor its meaning change by any statute. It is a word as significant and appropriate as it has been, and under the code means the county specified in the complaint as the place of trial of the cause. Taking the liberty, then, of using this well-defined term for the words " place of trial " in section 125 and 126, and it will be readily seen that they are intended as a substitute for section 46 of the Judiciary Act, and designed solely to regulate the venue in the cause. Where a county in which a party resides is designated in the first instance, section 126 has no application. This section is designed to give the defendant his remedy when the plain-

tiff has not laid his venue in the proper county. And in such case, the defendant, by serving the written demand, is entitled to have the trial in the proper county—that is, a county which is the residence of a party.

If my views are correct, section 126 has no reference whatever to a motion to change the place of trial for the convenience of witnesses or parties, but the sole object of that section is to point out the manner in which the defendant is to take advantage of the plaintiff's irregularity when the venue is laid in the wrong county. The written demand required by that section, was neither necessary nor proper in this case, the venue having been laid in the county where the plaintiffs reside.

2d. It is objected that the defendant has been guilty of laches, in omitting to give notice of his motion before issue joined.

Prior to 1830, and before the enactment of any statute providing for the change of the place of trial in transitory actions, the rule was well settled that the defendant must embrace an opportunity, if one presented, to make his motion, which would not put the plaintiff over a circuit or a term. And he was required to move before issue joined, if waiting till after issue would have this effect. (*Chapin* v. *DeGroff*, 4 Cow. 554.)

The Revised Statutes provided that issues of fact joined in the Supreme Court, in transitory actions, should be tried in the county where the venue was laid, unless the court should deem it necessary for the convenience of the parties and their witnesses, or for the purpose of a fair and impartial trial, " *to order such issues to be tried* in some other county," in which case they were to be tried in the county so designated. (2 R. S., 407.)

Under this statute the Supreme Court pursued the same practice which had previously prevailed, and required the defendant to move to change the place of trial before issue joined, if the delay till after issue would put the plaintiff over a circuit or term. (*Lee* v. *Chapin*, 11 Wend. 186.)

Then came the Judiciary Act of 1847, by the 49th section of which it is provided, that the Supreme Court shall have power " *to order any issue of fact joined in any suit*," to be tried in any county, on good cause shown therefor, and on such terms, and under such rules and regulations as the court shall prescribe. The code then provides that trials shall be had in the county where one of the parties reside, "subject, however, to the power of the court to change the place of trial *in the cases provided by statute.* (Section 125.)

The code, it will be observed, does not undertake to define the cases in which the place of trial, (as distinguished from the venue) shall be changed, but leaves this question as it stood under former statutes. Its only effect is, to take from the court the exercise of this power as a part of their

general jurisdiction, and confine it to " cases provided by statute," and the right to exercise this power is now derived from the Revised Statutes above cited, and the 49th section of the Judiciary Act of 1847. Whether these statutes are both in force, or the latter is to be regarded as having superseded the former, it is not, in my view, necessary now to determine, for so far as they affect the present question, the provisions of both are substantially the same. The Revised Statutes provided that " issues *joined*" in transitory actions should be tried in the county where the venue was laid, unless the court ordered " such issues to be tried in some other county." The first clause of the 49th section of the Judiciary Act provides that the court shall have power " to order any issue *of fact joined*," &c., to be tried in any county. Were the question now for the first time presented, whether under the Revised Statutes, the defendant was bound to make his motion before issue joined, I should be inclined to the opinion that he was not. The provision is, that *the court may order an issue joined to be tried in another county, &c.* The language seems to imply that an issue was to be first joined, and that the cause should proceed to this point before it is in readiness for an order of the court relative to the place of trial. While the practice remained uncontrolled by any legislative enactment, it was no doubt competent for the court to adopt such rules as they thought proper—and it is not impossible that the practice on this subject prior to 1830 was subsequently adhered to, without a careful reference to this statute. However this may be, I am not at liberty to substitute my own construction of that statute for that uniformly given to it by the late Supreme Court, and their practice ought still to be pursued, unless subsequent legislation has furnished some reason for a departure from it. I have not been able to discover any such reason in the act of 1847. The section cited from the Revised Statutes, and the first clause of section 49 of the act of 1847, are in substance the same; the latter act may be regarded as a substitute for, or a revision of the former, and there is nothing in the change of phraseology of the latter from which any intent on the part of the Legislature to change either the law or the practice, can be inferred relative to the time when the motion to change the place of trial should be made. Had not this question been already passed upon, I should have been led to the conclusion that the practice in this respect had not been changed by the Judiciary Act, and that the defendant was, notwithstanding its provisions, bound to embrace the first opportunity to make his motion, irrespective of the fact whether issue were or were not joined. It was, however, decided in *Brainard* v. *Wheeler*, 3 Howard, 71, that under section 49 of the Judiciary Act, the court was authorized to change the place

of trial, only when issue had been joined. The grounds for this decision are not stated, and hence, I have not the benefit of the reasoning which led the learned justice to the conclusion adopted in that case.

The latter clause of section 49, declares, that when the place of trial shall be changed, the clerk of the county in which the same shall be had, shall certify the minutes of trial, and they shall be filed in the county " where the said issue was joined."

A hasty reference to this clause might leave the impression, that by necessary implication, issue must be joined before an order could be made changing the place of trial—such, however, is not necessarily the case. The Judiciary Act was silent as to the place of filing pleadings in suits commenced after the act took effect. By the fifth rule of the court, all papers in a cause are to be filed, and all rules entered in the office of the clerk of the county where the *venue is laid*, or to which it has been removed.

As has been already seen, changing the place of trial, does not change the venue. And although an order changing the place of trial were made before issue, still the papers would be filed and issue joined in the county where the venue was laid, and such order would not produce any embarrassment in complying with the latter clause of section 49.

The great change which the Code of Procedure has introduced presents this question, however, in a new light.

In *Lee* v. *Chapin*, (11 Wend.) Mr. Justice SAVAGE says, " on receiving the declaration the defendant becomes apprized of the nature of the plaintiff's claim, and is as competent then to judge of the necessity of a change of venue as he can be after issue joined."

The court assumed, that, under the system of pleading then existing, after the defendant had seen the declaration, and the plaintiff was informed that the suit was to be defended, the parties were able with reasonable certainty to anticipate the character of the issue to be joined, and hence each could determine in that stage of the cause, what witnesses would be required upon the trial. Whether this assumption was in all cases justified by the result, it is not necessary to inquire, for the rule of the old Supreme Court was based upon it, and had no other sufficient foundation. Now, however, the case is widely different. Until the answer comes in the plaintiff cannot safely swear that a single witness will be necessary for him on the trial. And when new matter is set up in the answer, the defendant cannot know, nor can his counsel advise him, what witnesses will be needed for his defence. It seems to be a necessary result of the change in the system of pleading, that the defendant cannot determine

whether a change of the place of trial will be necessary, nor can the plaintiff determine whether he should oppose it, until all the pleadings in the cause are served. I am, therefore, satisfied that, under the present practice, a motion to change the place of trial for the convenience of witnesses, need not be made till after issue joined.

In the present case, however, the defendant has been guilty of laches in neglecting to make his motion on the fourth Monday of June or first Monday of July, there having been sufficient time to notice the motion for those terms after the reply was served. By letting those terms pass and moving on the third Monday of July, the consequence must be to throw the cause over the circuit held on that day. This would have been a sufficient reason for denying this motion, if any business had been done at that circuit.

3. The plaintiff objects to the form of the affidavit. Three things must distinctly appear in an affidavit of merits.

1st. That the defendant had fully and fairly stated the case to his counsel, stating his name and residence.

2d. That he is advised by his counsel that he has a good and substantial defence on the merits, and

3d. That he believes that he has such defence.

This last requisite is wanting in this affidavit. The defendant does not swear that he believes that he has a defence, but that he believes his counsel has advised him *truly* ; in other words, that he has given honest advice. The affidavit is substantially like that in *Britain* v. *Peabody*, 4 Hill, 61, which was held bad. That part of the affidavit relating to the materiality of the witnesses is also defective in the same particular. The defendant does not swear that he believes the witnesses material, &c., but that he believes his counsel gave him true or honest advice. Other questions were raised, which I will not now examine. The motion must be denied with ten dollars costs.

At the July circuit no business was done on account of the prevailing epidemic, and this cause would not have been tried if it had been on the calendar. As the plaintiff has not, therefore, been in fact delayed by the omission to make the motion at an earlier day, the defendant is at liberty to renew it, provided he does so at a term so early that if the motion is denied the cause will not be carried over the next Erie circuit.