MARY S. VAN DEUSEN, Respondent, *v.* SYLVESTER SWEET, Appellant.

A deed executed by one *non compos mentis* is absolutely void; and where a defendant in an action to recover the possession of real property claims under such a deed, the fact of the incapacity of the grantor may be shown by plaintiff to defeat such claim, although no fraud is alleged and such incapacity had not been legally or judicially determined at the time of or prior to the execution of the deed. Plaintiff is not obliged to resort to an equity action to set aside the deed.

*It seems* it is also competent in such action to show that a deed is voidable, to defeat a claim thereunder.

It is not necessary that the record of proceedings of a court of limited jurisdiction should show affirmatively and on its face that the court had jurisdiction. The facts necessary to give jurisdiction may be shown by proof *aliunde ;* and where, upon the introduction of the record in evidence upon a trial it is objected to, not upon the ground that jurisdiction was not established by proper proof, but upon the ground that the

Statement of case.

proceedings shown by the record are void, the objection is insufficient to raise the question of jurisdiction upon appeal.

Questions relating to matters of practice affecting the regularity of such proceedings cannot be reviewed collaterally in another action.

An inquisition under a writ *de lunatico inquirendo*, stating that at the time of the execution of a deed the grantor was *non compos mentis*, is presumptive but not conclusive evidence of the grantor's incapacity in an action wherein a party claims under the deed.

In an action to recover possession of certain real estate, plaintiff claimed title as devisee of S., defendant claimed under a deed from S. It appeared that at the time of the execution of the deed the grantor was *non compos mentis*. Defendant gave proof tending to show that plaintiff received from S. an assignment of a mortgage as an equivalent for the devise, and a subsequent transfer to and acceptance by her from S., of a note given by the grantee as a part of the purchase-money of the land, and an action brought by her for its collection. Defendant claimed that plaintiff was estopped by these acts from questioning the validity of the deed. *Held,* no estoppel, as none of the acts of plaintiff induced the acceptance by the grantee of the deed.

(Argued September 24, 1872; decided January term, 1873.)

APPEAL from a judgment of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment entered on a verdict in favor of the plaintiff.

This action was brought to recover the possession of a farm in Saratoga county.

The facts sufficiently appear in the opinion.

*A. Pond* for the appellant. The deed of a person *non compos mentis*, before office found, is not void, but voidable only. (*Jackson* v. *Gumear*, 2 Cow., 552; *Pearl* v. *McDowell*, 3 J. J. Marsh, 658; *Wait* v. *Maxwell*, 5 Pick., 217; *Ingraham* v. *Baldwin*, 5 Seld., 45, 48; *Fitzhugh* v. *Wilcox*, 12 Barb., 235, 237; *Bool* v. *Mix*, 17 Wend., 134; *Young* v. *Stevens*, 48 N. H., 133; 2 Am. R., 202, 205; *Layman* v. *Whiting*, 20 Barb., 559; *Wright* v. *Douglass*, 3 id., 556; *Barlo* v. *Draper*, 5 Duer, 130; *Bloom* v. *Burdick*, 1 Hill, 130; *Campbell* v. *Swan*, 48 Barb., 109.) Plaintiff's remedy, if any, is in equity. (Story's Eq. Jur., § 694; *Peck* v. *Newton*, 45 Barb., 173; *Griswold* v. *Miller*, 15 id., 520, 524.) Plaintiff, by taking 'an assignment of the Burnham mortgage, is estopped from

alleging that the deed to Jacobie is invalid. (*Rowen* v. *Kelsey*, 2 Keyes, 594, 600; *N. Y. Central* v. *Nat. Pro. Ins. Co.*, 14 N. Y., 86; 38 id., 266, 275; 27 Barb., 595; 40 id., 22; 39 id., 237; 59 id., 277, 290; 4 Coms., 562; *Lee* v. *Porter*, 5 J. Ch. R., 268; *Storrs* v. *Barker*, 6 id., 166; *Springstein* v. *Schermerhorn*, 12 J. R., 357, 362; *Martin* v. *Sherman*, 2 Sand. Ch., 341, 343, 344; *Farmers' L. and T. Co.* v. *Walworth*, 433; *Battershall* v. *Davis*, 31 Barb., 323; *Pell* v. *Tredwell*, 5 Wend., 661, 693; *Safford* v. *Hynds*, 39 Barb., 625, 629; *Thurman* v. *Anderson*, 30 id., 621; *Parish* v. *Wheeler*, 22 N. Y., 511; 6 Park., 693; *Sheppard* v. *Hamilton*, 29 Barb., 156; *Lowenstein* v. *McIntosh*, 37 id., 256; *Morris* v. *Rexford*, 18 N. Y., 552; *Phillips* v. *Wooster*, 36 id., 412, 414; *Person* v. *Warren*, 14 Barb., 488; *Griswold* v. *Miller*, 15 id., 520, 524; *Chase* v. *Peck*, 21 N. Y., 581, 587.) The judge erred in receiving in evidence the writ *de lunatico inquirendo* and the inquisition taken under it. (*Griswold* v. *Miller*, 15 Barb., 522, 523; *In re Clapp*, 20 How., 389; 2 Craig's Sp. Pro., 6; *Ford* v. *Frees*, 2 Seld., 176; *Hollott* v. *Righters*, 13 How., 43, 45; *Sibley* v. *Waffle*, 16 N. Y., 190; *Mills* v. *Martin*, 19 J. R., 33; *Bloom* v. *Burdick*, 1 Hill, 131.)

*L. Varney* for the respondent. The deed was void, its grantor being *non compos mentis*. (*Newhouse* v. *Godwin*, 17 Barb., 236; *Alston* v. *Jones*, id., 276; *Comstock* v. *Comstock*, 57 id., 453.) The judge properly overruled defendant's objections to evidence showing that Sweet had no sufficient mental capacity to execute the deed. (*Caldwell* v. *King*, 4 Cow., 207; *Phillips* v. *Gorham*, 17 N. Y., 270.) The motion for a nonsuit was properly denied. (*Lattin* v. *McCarty*, 41 N. Y., 107; *Am. Seaman's F. Soc.* v. *Hester*, 6 Tiff., 19; *Delafield* v. *Parish*, 5 id., 1.) Plaintiff is not estopped by taking an assignment of the Burnham mortgage, or by prosecuting the $1,200 note. (*Lansing* v. *Goeway*, 2 J. R., 382; *Williams* v. *Jackson*, 5 id., 491; *Jones* v. *Brinkerhoff*, 3 J. Cas., 101.) Even ignorance or mistake will prevent an

estoppel. (*Griffith* v. *Beecher*, 10 Barb., and cases cited; *Averill* v. *Wilson*, 4 id., 108; *Bigelow* v. *Finch*, 11 id., 408; *Borst* v. *Corey*, 16 id., 136; *Caldwell* v. *Colgate*, 7 id., 253; *Sparrow* v. *Kingman*, 1 Coms., 242; *Germond* v. *People*, 1 Hill, 343; *Reynolds* v. *Loundsbury*, 6 id., 534; *McCoon* v. *Smith*, 3 id., 147; *Brewster* v. *Striker*, 2 Coms., 19; *Lewis* v. *Woodworth*, id., 512; *Cohoes Co.* v. *Goss*, 13 Barb., 138; *Champlain and R. R. Co.* v. *Valentine*, 19 id., 484; *Dwight* v. *Peart*, 24 id., 55; *People* v. *Highway Comrs. Seward*, 27 id., 94; *Whitlock* v. *Mills*, 13 J. R. 463; *Thurman* v. *Bradford*, 4 Wend., 619; *Jewell* v. *Harrington*, 19 id., 471; *Allen* v. *Rosevelt*, 14 id., 100; *Jewett* v. *Miller*, 6 Seld., 402; *Child* v. *Chappell*, 5 id., 246; *Lawrence* v. *Brown*, 1 id., 394; *Carpenter* v. *Stillwell*, 1 Kern., 61; *Stoughton* v. *Lynch*, 2 J. Ch. R., 209.) The commission and inquisition were properly received in evidence. (Crary's Spec. Pro., 159, 161, 166; 8 How. Pr., 220; 2 Barb. Ch. Pr., 236; 1 Barb., 441; *In re Patterson*, 4 How. Pr., 34; *L'Amoreaux* v. *Crosby*, 2 Paige, 442.)

LOTT, Ch. C.   Both parties claimed under Sylvester Sweet, their father (who died in January, 1866), as the common source of title, the plaintiff under a devise to her in his will, dated in September, 1849, and the defendant as tenant of Henry Jacobie, a son-in-law of said Sweet, under a deed alleged to have been executed to him on the 20th day of April, 1864.

The execution of the will containing such a devise was proved, and a deed purporting to have been so executed was also introduced in evidence. There was no question made as to the execution or validity of the will, but the deed was impeached on the ground of the want of sufficient mental capacity in Sweet to execute it. Considerable testimony on that question was introduced on each side, and the judge at the close of the evidence charged the jury, after stating the nature of the relative claims of the parties to the premises, that the said deed, if sustained, was sufficient to convey the

estate; that the plaintiff insisted that the deed was executed
by the grantor when he had not sufficient mental capacity to
enable him to make a deed, and the sole question for them to
determine was whether the grantor, Sylvester Sweet, had suf-
ficient mental capacity to know what he was about at the
time he executed the deed, and if they found that Mr. Sweet,
on the 20th day of April, 1864, was not devoid of reason and
had sufficient understanding to enable him to know what he
was about when signing the deed, then the deed was not void.
He charged, further, that the deed might be voidable by rea-
son of his weakness of intellect, his imbecility, although it
might not be entirely void; and if they found from the facts
in the case that his mind was so weak that he did not know
or appreciate what he was doing, that he did the act mechan-
ically, without appreciating its force and effect, or that his
mind did not assent either to the execution or delivery of the
deed, then that they might find that the deed was a nullity;
adding, that it was necessary that the mind of the grantor
should assent to the act,—not only that his hand should sign
and he in some manner should deliver the deed, but that his
mind should assent to it.   He then, after referring to a fact
as in proof before them, said in conclusion, that, taking this
fact into consideration, they would determine the single ques-
tion submitted to them.   " To which charge (the case states),
as here given, the defendant then and there duly excepted,"
and thereupon the jury returned a verdict for the plaintiff.

That exception is clearly not well taken.   The charge, as a
whole, was as favorable to the defendant as he could properly
claim; but, if it were otherwise, he had no valid ground of
objection to that portion of it which instructed the jury that
if they found that Mr. Sweet, on the 20th day of April, 1864,
was not devoid of reason and had sufficient understanding to
enable him to know what he was about when signing the
deed, then the deed was not void; and most certainly not to
that part thereof which declared that the deed, if sustained, was
sufficient to convey the estate.   The exception, being general
to the whole charge, was, therefore, in any aspect or view of

it, unavailable as a ground for the reversal of the judgment, and the verdict of the jury is conclusive on the question of fact submitted to them, unless illegal evidence bearing thereon was erroneously admitted against the exception of the defendant.

. It then remains to be considered whether either of the exceptions relative to the admission of evidence or to the motion for a nonsuit (involving substantially the same matter), relied on by the appellant on this appeal, are well taken.

The first is, that " the judge erred in admitting evidence of the alleged incompetency of Sylvester Sweet, the grantor, in the deed to Jacobie."

The case states that the evidence objected to tended to show, and which the plaintiff insisted proved, that the said Sylvester Sweet " had been for some time prior to the execution of said deed failing in his mental faculties, and was in consequence thereof at the time of executing said deed thereby rendered wholly, absolutely and completely incompetent to transact business or manage his affairs and to execute said deed."

The ground of the objection so taken was that the deed was voidable merely, and that the remedy of the plaintiff, if any, based on the alleged incompetency of the grantor to execute the deed, in the absence of fraud and before office found, was by an equitable action to set aside the deed. The judge properly overruled the objection, deciding and holding that the evidence was unavailing unless it proved that " Sweet was at the time of the alleged execution of the instrument totally and positively incompetent, which is expressed by the technical and significant phrase *non compos mentis;* that for such purpose only the evidence would go to the jury with proper judicial instruction corresponding with the above opinion, and for that purpose it was admissible; and that it was competent for the plaintiff to sustain the action by showing that Sylvester Sweet, at the time of executing the deed to Jacobie, was of unsound mind, although no fraud was practiced upon him in order to induce him to execute the deed,

and although the incompetency of the said Sylvester Sweet
to transact business or execute a conveyance of his property
had not been legally or judicially ascertained or declared at
the time of or prior to the execution of said deed." In short,
the object and tendency of the proof offered was to show that
Sweet had not sufficient mind or mental capacity, or, in other
words, as expressed by the learned judge, was " totally and
positively incompetent" to execute a valid deed at the time
it is claimed to have been executed. If that fact was satis-
factorily established, the instrument never had any existence
as a deed, and was legally ineffectual and inoperative to pass
a title to the premises. It was not merely voidable, but abso-
lutely void. It was, in fact, not his deed, never having had
any legal existence or vitality. There was, consequently, noth-
ing to be set aside by the interposition of a court of equity or
by recourse to an equitable action; but the fact of its absolute
nullity was available to overcome and avoid the defence set
up and interposed under it to defeat the plaintiff's claim and
title.

I deem it proper, however, to add that I do not wish to be
understood or to intimate that I have any doubt that it
would have been competent for the plaintiff to have shown
that the deed was voidable, if that had been necessary, to
defeat the defendant's claim. (See *Phillips* v. *Gorham*, 17
N. Y., 270; *Lattin* v. *McCarty*, 41 id., 107.)

Another exception taken to the admission of evidence
arises on the introduction of a writ of *de lunatico inquirendo*,
issued by the County Court of Saratoga county, for an inquiry
into the question of the lunacy of the said Sylvester, on the
twenty-eighth day of October, 1865, and the commission
taken under it on the fifteenth day of November, in the same
year, by which it was found, among other matters, that the
said Sylvester Sweet was, at the time it was taken, a lunatic
and of unsound mind, and did not enjoy lucid intervals, so
that he was mentally incapable of the government of him-
self or the management of his lands, tenements, goods and
chattels, and that he had been in the same state of lunacy

ever since the latter part of the year 1862, and which finding was subsequently, on the eighteenth day of December, 1865, confirmed by the said County Court.

The following objections were made to their admissibility:

1st. It was unauthorized and void.

2d. That it was immaterial.

3d. That it directed the summoning of an indefinite number of jurors.

4th. That the commission directed the sheriff to summon twenty-four jurors, and it appeared by his return that he had summoned only twenty-three.

5th. That only eighteen jurors signed the inquisition.

6th. That the order of confirmation was void and inadmissible.

County Courts had jurisdiction, at that time, in cases relating to " the care and custody of the person and estate of a lunatic or person of unsound mind, or an habitual drunkard, residing within the county." (See Code, § 30.) That is not denied, but is, as I understand from the points of the appellant's counsel, conceded; he, however, claims that " the proceeding having been instituted in the County Court, a court of special and limited jurisdiction, the record should show affirmatively and on its face that jurisdiction was acquired by that court over the subject-matter as well as of the person of the alleged lunatic, in order to warrant the court in issuing the writ in question." And he adds: " For aught that appears, the county judge, without any application to him by any one, and without any evidence showing that the alleged lunatic resided in the county of Saratoga, without which fact having been shown the County Court was without jurisdiction to act at all, he issued the writ on his own motion; that is to say, he commenced the action against Sylvester Sweet, and alleged that he was a lunatic." In answer to which it is sufficient and only necessary to say that the record is not required to show affirmatively and on its face those facts. It is enough that they did exist and were properly shown to the court; and as it was not on the trial claimed in support of either the first

or sixth objection that they were not established by proper proof, it is too late to raise the question on this appeal. If it had been raised at that time, the objection could have been obviated by competent testimony. The other grounds do not appear to be relied on. The third, fourth and fifth related to matters of practice affecting the regularity of the proceedings only, and not reviewable collaterally in an action for a different object, and the second was not well founded. The proof was material and relevant. The deed in question was overreached by the finding of the jury, and their inquisition was presumptive but not conclusive evidence of the grantor's incapacity. (See *L'Amoreaux* v. *Crosby*, 2 Paige Ch. R., 422–427; *Hart* v. *Deamer*, 6 Wend., 497; *Griswold* v. *Miller*, 15 Barb., 520, and other cases cited on p. 523.)

There was a motion for a nonsuit made on the close of the evidence, substantially on the same grounds on which the objection to the admissibility of proof as to the competency of Sweet to execute the deed was based, and also on the ground of certain facts claimed to estop the plaintiff from alleging the invalidity of the deed.

This motion was properly denied. The objections relating to the grantor's competency have already been disposed of. The acts relied on as an estoppel could not justly be claimed to have induced the execution of the deed by Sweet, or its acceptance by Jacobie. They had reference to an assignment of a mortgage alleged to have been taken by the plaintiff from her father, as an equivalent for the land, at the time the deed was given, but which was denied by her, and to the subsequent transfer to and acceptance by her from him of a note given, as the defendant claimed, by Jacobie for a part of the purchase-money for the land, and an action brought for its collection. This proof may have been properly admitted as bearing on the question of capacity to give the deed, but it is wholly ineffectual as an estoppel.

After the denial of that motion, the defendant moved to strike out the evidence of the unsoundness of mind of the grantor at the time the deed was executed, and after that was

refused he requested the judge to charge the jury that the plaintiff could not recover. The last motion and the said request were made on substantially the same grounds on which the motion for a nonsuit was based and were properly denied, for the reasons stated, on disposing of that question.

It follows that there was no error on the trial, and the judgment appealed from must therefore be affirmed, with costs.

All concur.

Judgment affirmed.