ELIZABETH-W. ALDRICH, Appellant, *v.* MARY E. BAILEY,
Respondent.

Assuming that a deed executed by an insane person is not voidable merely, but absolutely void, to establish its invalidity, it must appear that the grantor was, at the time he executed it, wholly, absolutely and completely unable to understand or comprehend the nature of the transaction.

The parties entered into a contract by which plaintiff agreed to sell and defendant to purchase a certain lot in the city of New York; the latter refused to perform the contract because of the filing of a *lis pendens* a few days before the making of the contract, in an action to have certain deeds and other instruments affecting the title to the block of which the lot formed a part, declared void. Neither the plaintiff here nor her grantor were made parties to that action. The complaint therein alleged that P., the former owner of the block, when he, by reason of extreme old age, was "mentally weak, incompetent and unsound of mind, incapable of attending to business personally, and incapable and incompetent to understand and comprehend properly the nature of a business transaction," and when entirely under the control of S., his agent, through force and fraud practiced upon him by S., who was bribed thereto by the defendant, acting in pursuance of a fraudulent scheme and conspiracy entered into between them to obtain title to the property, caused and influenced P to make a contract agreeing to convey the property in question to E., one of the defendants, in exchange for other real estate, and subsequently procured P. to execute such a conveyance, which contract and conveyance was in fraud of the rights of plaintiff in that action as heir at law and legatee of P. *Held,* that the averments of the complaint were not sufficient to justify a finding that P. was insane when he executed the contract and deed, but that the gravamen of the action was fraud; that, as it was conceded that plaintiff here took title to the lot in question in good faith, paying a full consideration, his title was not affected by the fraud (2 R. S. 137, § 5), and that plaintiff was entitled to a judgment for specific performance.

(Argued February 1, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in·the first judicial department, entered upon an order made the first Monday of October, 1889, on a case submitted pursuant to section 1279 of the Code of Civil Procedure, which relieved the defendant from performing a contract to purchase certain real estate.

The facts, so far as material, are stated in the opinion.

*Geo. Putnam Smith* for appellant. The Supreme Court erred in supposing that the conveyance to Noble was thereby rendered a nullity as against Mrs. Aldrich. She having purchased the land in question in good faith and without notice of any claim on the part of Paine or his heirs that the transaction whereby he parted with the land had been inequitable, her title was unaffected by such claim. (*Bumpus* v. *Platner*, 1 Johns. Ch. 213; *Griffith* v. *Griffith*, 9 Paige, 315; *Simson* v. *Bank of Commerce*, 43 Hun, 156; *Bradley* v. *Luce*, 99 Ill. 234; Wade on Notice, § 62; 1 Story's Eq. §§ 381, 434; *Peck* v. *Arihart*, 95 Ill. 113; *Valentine* v. *Lunt*, 115 N. Y. 496.) William Paine's claim to and consequent cloud upon the title of the land now owned by Mr. Aldrich was limited and restricted by the form of his action. (*Valentine* v. *Lunt*, 115 N. Y. 505.)

*E. H. Landon* and *Wm. D. Page* for respondent. The vendor must be able to convey a good marketable title, or he cannot enforce his contract. (Fry on Spec. Perf. §§ 573, 576, 579, 583, 585; Pom. on Cont. §§ 198, 202, 205; Waterman on Spec. Perf. §§ 411, 412, 415; *Moore* v. *Williams*, 115 N. Y. 592; *Fleming* v. *Burnham*, 100 id. 10; *Schriver* v. *Schriver*, 86 id. 584, 585; *Schulze* v. *Rose*, 65 How. Pr. 75; *B. P. Comrs.* v. *Armstrong*, 45 N. Y. 234, 248; *Swayne* v. *Lyon*, 67 Penn. St. 436.) Plaintiff's title is doubtful and dangerous. An action to procure the annulment of a deed through which plaintiff derives title is pending. Although this plaintiff and defendant have not been made parties to that action, they may be brought in at any time by an amend-

ment to the proceedings, or a subsequent action may be brought against them. The court will not impose upon this defendant the risk of an unfavorable decision in that action, nor the possibility of being embroiled in litigation. (*Van Deusen* v. *Sweet*, 51 N. Y. 383 ; *Newhouse* v. *Goodwin*, 17 Barb. 236 ; *Alston* v. *Jones*, Id. 276, 288 ; *Comstock* v. *Comstock*, 57 id. 453 ; *Hughes* v. *Jones*, 116 N. Y. 73 ; *Johnson* v. *Stone*, 35 Hun, 383 ; *Hicks* v. *Marshall*, 8 id. 328 ; *M. L. Ins. Co.* v. *Hunt*, 79 N. Y. 541 ; *Riggs* v. *A. T. Society*, 84 id. 335 ; *Sprague* v. *Duel*, 11 Paige, 480 ; *Ingraham* v. *Baldwin*, 9 N. Y. 45 ; *Canfield* v. *Fairbanks*, 63 Barb. 465.)

HAIGHT, J. On June 11, 1889, the plaintiff entered into a contract with the defendant for a sale of a lot on 63d street, running through to 64th street, on Eleventh avenue, in the city of New York. The defendant now refuses to accept a deed from the plaintiff and to pay therefor for the reason that on June 3, 1889, a notice of *lis pendens* was filed in the office of the clerk of the city and county of New York in an action in the Supreme Court wherein William Paine is plaintiff and William Noble et al. are defendants, the object of which, as stated in the notice, is to have certain deeds, conveyances and other instruments affecting the title to the block, of which the plaintiff's lands form a part, declared null and void, etc. Neither the plaintiff nor her grantor were made parties to that action. John Paine was formerly the owner of the block in controversy and conveyed the same to Elizabeth Noble.

The General Term held that under the complaint filed in that action it may be found that Paine was insane at the time he executed the deed to Noble, and if he was his deed was absolutely void and no title would pass, under the authority of *Van Deusen* v. *Sweet* (51 N. Y. 378). Assuming for the purposes of this case that the rule is there correctly stated, and that a deed would be not merely voidable, but absolutely void when executed by an insane person, yet under the rule in that case a deed is absolutely void only when it appears that the person executing it was at the time so deprived of his mental

faculties as to be wholly, absolutely and completely unable to understand or comprehend the nature of the transaction. It consequently becomes necessary to examine the complaint in that action and determine whether such relief could be granted thereunder. It alleges that " on or about May 28, 1885, and for two years and more prior thereto, said Paine, by reason of his extreme old age, physical infirmities and other causes was mentally weak, incompetent, unsound of mind, incapable of attending to business personally and incapable and incompetent to understand and comprehend properly the nature of a business transaction, was entirely under the complete influence and control of those composing his own household, and particularly of one Sears, his agent, and was physically incompetent and incapable of resisting successfully any disposition of his property that might be recommended, requested or required of him by said Sears and other members of his household, and that these facts were known to said defendants Noble."

The complaint further alleges that through force, fraud and undue influence exercised and practiced upon Paine by Sears, his agent, who was induced to and did so practice the said force, fraud and undue influence by reason of large sums of money wrongfully and fraudulently offered to him by William Noble acting for himself and the defendant Elizabeth Noble, the said Sears caused and influenced the said Paine to make a contract in writing whereby it was agreed that Paine would convey to Elizabeth Noble the property in question in exchange for other property situate upon 57th street and Seventh Avenue in the city of New York, and that in further pursuance of said fraudulent scheme and conspiracy entered into between said William Noble acting for himself and said Elizabeth Noble, and Cyrus A. Sears, a deed thereof was subsequently procured to be executed by Paine, by which the property in question was conveyed to Elizabeth Noble under the provisions of the aforesaid contract; that the said contract and conveyances were made in fraud of the rights of plaintiff as heir at law and legatee of said Paine, who was at the time of the commencement of that action deceased.

It will be observed that whilst the allegations of the complaint are to the effect that Paine was of extreme old age, had physical infirmities, and was mentally weak and incapable of attending to business *personally*, and was incompetent to understand and comprehend *properly* the nature of a business transaction; there is no allegation that he was insane, or wholly, absolutely and completely incompetent to understand and comprehend the nature of the transaction complained of. A person, we apprehend, may be of old age and mentally weak, and still be able to understand and comprehend the meaning of a deed or the transfer of property. He may have physical infirmities to such an extent as to be unable to transact business personally, and may have to have others act for him, and still he may possess the requisite mind and judgment to transact the business. The strongest and most significant expression used in the allegations of the complaint is that he was of unsound mind. But this was used in connection with the charge of his inability to transact his business *personally* or to understand and comprehend *properly* the nature of the transaction. No allegation appears as to the extent to which the mind was unsound, or as to whether it was so affected as to render him wholly and absolutely incompetent to comprehend and understand the nature of the transaction. The other allegations of the complaint to which we have referred are those of fraud and conspiracy on the part of the persons named, and to our mind the allegations of physical infirmities, mental weakness, etc., are only made in aid of those of the fraud, conspiracy and undue influence charged.

This view appears to us to be sustained by the case of *Valentine* v. *Lunt* (115 N. Y. 496). In that action the plaintiff, as heir at law of Mrs. Valentine, sought to set aside a deed of certain premises from her to one Richardt, and also certain mortgages executed thereon by him to Susan A. Austin and Elizabeth H. Lunt. In that case the question arose upon a demurrer. It was alleged in the complaint that Richardt was employed by Mrs. Valentine in her life-time as her physician; that soon after his employment he entered upon illicit

relations with her and obtained control over her mind and property; that thereupon a great change came over her; she compelled her relations to leave her home and refused to see them or her former friends, and remained completely excluded to everyone except Richardt; that on or about January 7, 1886, she being of unsound mind and incompetent to manage herself or her affairs in consequence of the influence exerted over her by Richardt, he fraudulently taking advantage thereof, obtained from her a deed of her real estate; that he subsequently mortgaged the same to Susan A. Austin for $12,000, and Elizabeth H. Lunt for $9,000; that they received the mortgages and made the loans thereon of the amount stated in good faith, without notice of the mental condition of Mrs. Valentine, or of the fraud practiced upon and the undue influence exercised over her by Richardt. It was held that the complaint did not allege that Mrs. Valentine executed the deed to Richardt while insane, and that the mortgagees were entitled to protection.

It consequently appears to us that the complaint in this action is based upon fraud. It is conceded that the plaintiff took title to the lands in question in good faith, paying three hundred thousand dollars therefor, and under the statute in reference to fraudulent conveyance of lands it is provided that the statute shall not be construed in any manner to affect or impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor. (2 R. S. 137, § 5.)

The judgment of the General Term should be reversed and judgment ordered in favor of the plaintiff for the specific performance of the contract in question, with costs.

All concur.

Judgment accordingly