(75 App. Div. 333.)

## SANDER et al. v. SAVAGE et al.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. LUNATICS—CONTRACTS.

    A conveyance of property at less than one-tenth its value, procured from a lunatic totally incapable of understanding the transaction, by one knowing of the lunacy, and taking advantage of it to obtain the property, is void.

2. SAME—OBTAINING PROPERTY FROM—TORT.

    The act of acquiring property from a lunatic, incapable of understanding the transaction, by one knowing and taking advantage of the lunacy, is tortious.

3. SAME—ACTION BY COMMITTEE.

    The committee of a lunatic may maintain trover for the tortious taking of property from the lunatic under the guise of a contract, before the appointment of the committee, but within the time for which the lunatic's insanity was judicially determined.

Appeal from trial term, Kings county.

Action by Alfred E. Sander and another, committee of Victoria Berger, an incompetent, against Henry B. Savage and another. From a judgment dismissing the complaint on the opening (73 N. Y. Supp. 695), plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Alfred E. Sander, for appellants.

Albert R. Genet, for respondents.

HIRSCHBERG, J. The complaint was dismissed upon the opening of the case by counsel. The action is for trover. The plaintiffs sue as the committee of Victoria Berger, an incompetent person, and the complaint alleges that on the 22d day of October, 1900, the defendants unlawfully took and removed from her possession certain chattels then belonging to her, for the value of which judgment is demanded. On the opening of the case the counsel for plaintiffs stated that the incompetent had been judicially declared insane during a period of time overreaching the transaction in question; that the property had been taken by the defendants pursuant to a conspiracy and under color of a chattel mortgage, which the incompetent had executed to secure a loan of less than 10 per cent. of the value of the property; that when she executed the chattel mortgage she was "wholly and absolutely insane, and unable to understand the nature of any business transaction, and that the defendants knew this at the time the chattel mortgage was executed." The dismissal of the complaint was based upon the theory that such a mortgage was not absolutely void, but was subject to the election of affirmance or repudiation by the insane person upon recovery, or by the committee when appointed; and that up to the time of such election the instrument being valid and binding as to them, no act of the defend-

¶ 1. See Insane Persons, vol. 27, Cent. Dig. § 93.

ants authorized by the terms of the mortgage could be regarded as
tortious. While the authorities are not entirely harmonious on the
question whether the contracts of a lunatic are absolutely void or
merely voidable, I think it may be said that, where both insanity
and the legal presumption of insanity exist, the act of procuring the
possession of the property of the lunatic by one having full knowledge
of the actual existence of the infirmity, by inducing the execution on
the part of the lunatic of a deed, mortgage, or other conveyance
thereof, is a tortious act, which neither deprives the grantor of title
nor transfers it to the grantee. "The general rule is that sanity is
to be presumed until the contrary be proved, and therefore, by the
common law, a deed made by a person non compos is voidable only,
and not void." 2 Kent, Comm. p. 451. The chancellor followed
Blackstone in this assertion (2 Bl. Comm. 291), but it has been sug-
gested by high authority that the rule is stated in broader terms than
the common law warranted. See Dexter v. Hall, 15 Wall. 9, 24,
21 L. Ed. 73. Be this as it may, it is settled that after one has been
judicially declared a lunatic any contract he assumes to make is abso-
lutely void, and the presumption of the continuance of the lunacy
is conclusive as to all dealings with him until the inquisition has
been superseded. Carter v. Beckwith, 128 N. Y. 312, 28 N. E. 582.
And this presumption of insanity attaches to the period overreached
by the finding of the jury in the lunacy proceedings, although the
presumption in that case is not conclusive, but may be overcome by
satisfactory evidence of sanity. Hughes v. Jones, 116 N. Y. 67,
22 N. E. 446, 5 L. R. A. 637, 15 Am. St. Rep. 386. "Contracts," said
the court, at page 73, 116 N. Y., and page 448, 22 N. E., 5 L. R. A.
637, 15 Am. St. Rep. 386, "however, made by this class of persons
before office found, but within the period overreached by the finding
of the jury, are not utterly void, although they are presumed to be
so until capacity to contract is shown by satisfactory evidence. Van
Deusen v. Sweet, 51 N. Y. 378; Banker v. Banker, 63 N. Y. 409."
The case of Van Deusen v. Sweet, 51 N. Y. 378, appears to have
been decided upon the theory that a deed executed by one non compos
mentis is absolutely void independently of the nature of the presump-
tion existing at the time. It was there held that, where a defendant
in an action to recover the possession of real property claims under
such a deed, the fact of the incapacity of the grantor may be shown
by plaintiff to defeat such claim, although no fraud is alleged, and
such incapacity had not been legally or judicially determined at the
time of or prior to the execution of the deed. It was further held
that the plaintiff was not obliged to resort to an equity action to set
aside the deed. The court said (page 384):

"The object and tendency of the proof offered was to show that Sweet
had not sufficient mind or mental capacity, or, in other words, as expressed
by the learned judge, was 'totally and positively incompetent' to execute a
valid deed at the time it was claimed to have been executed. If that fact
was satisfactorily established, the instrument never had any existence as
a deed, and was legally ineffectual and inoperative to pass a title to the
premises. It was not merely voidable, but absolutely void. It was, in fact,
not his deed, never having had any legal existence or vitality. There was,

consequently, nothing to be set aside by the interposition of a court of equity, or by recourse to an equitable action; but the fact of its absolute nullity was available to overcome and avoid the defense set up and interposed under it to defeat the plaintiff's claim and title."

Commenting upon this decision in the more recent case of Aldrich v. Bailey, 132 N. Y. 85, 30 N. E. 264, the court said, at page 87, 132 N. Y., and page 264, 30 N. E.:

"The general term held that under the complaint filed in that action it may be found that Paine was insane at the time he executed the deed to Noble, and, if he was, his deed was absolutely void, and no title would pass, under the authority of Van Deusen v. Sweet, 51 N. Y. 378. Assuming, for the purposes of this case, that the rule is there correctly stated, and that a deed would be not merely voidable, but absolutely void, when executed by an insane person, yet under the rule in that case a deed is absolutely void only when it appears that the person executing it was at the time so deprived of his mental faculties as to be wholly, absolutely, and completely unable to understand or comprehend the nature of the transaction."

It is to be noted that in the case at bar the opening of counsel was broad enough to include the qualification to the rule in Van Deusen v. Sweet as expressed in Aldrich v. Bailey.

In the case of Goodyear v. Adams (Sup.) 5 N. Y. Supp. 275, Van Deusen v. Sweet appears to be cited in support of the doctrine that a deed executed and acknowledged by an insane person is absolutely void at law, and, if not taken in good faith, and for a valuable consideration, will not be upheld in equity, even in favor of a mortgagee of the grantee. This case was not only unanimously affirmed by the court of appeals (119 N. Y. 650, 23 N. E. 1149), but was affirmed on the opinion delivered at the general term.

In Brown v. Miles, 61 Hun, 453, 16 N. Y. Supp. 251, the court said, at page 456, 61 Hun, and page 253, 16 N. Y. Supp.:

"It is insisted by the learned counsel for the appellant that a deed made by a lunatic is 'voidable only and not absolutely void.' We think the weight of authority is against the proposition. Van Deusen v. Sweet, 51 N. Y. 378; Valentine v. Lunt, 115 N. Y. 497, 22 N. E. 209; Riggs v. Society, 95 N. Y. 503. This court is already committed upon the proposition by its decision in Goodyear v. Adams (Sup.) 5 N. Y. Supp. 275; s. c. affirmed 119 N. Y. 650, 23 N. E. 1149; and the doctrine finds support in Aldrich v. Bailey (Sup.) 8 N. Y. Supp. 435, and in Johnson v. Stone, 35 Hun, 383; Carter v. Beckwith (N. Y.) 28 N. E. 582."

See, also, Westerfield v. Jackson, 41 Hun, 645, where it was held that a promissory note made by a lunatic, with knowledge of his condition on the part of the payee, was absolutely void. And among other cases in which the underlying doctrine finds support may be cited Beavan v. McDonnell, 9 Exch. 309; Gore v. Gibson, 13 Mees. & W. 623; Refining Co. v. McMahon's Adm'r, 38 N. J. Law, 537; Dexter v. Hall, supra; Lincoln v. Buckmaster, 32 Vt. 652; Henry v. Fine, 23 Ark. 417; Riggs v. Society, 95 N. Y. 503; Johnson v. Stone, 35 Hun, 380, 383, affirmed 103 N. Y. 687.

It would serve no useful purpose to analyze the cases where the contrary of the proposition under consideration has been apparently held. They may possibly be reconciled by the suggestion that the determination of the question depends upon whether or not the contract

is executed under conditions in which the law presumes sanity or insanity. But in most, if not all, of them, the qualification is made that, to justify the assertion that the contract is not void, it must be made in good faith, and without knowledge, either actual or constructive, on the part of the individual contracting with the lunatic, of the existence of the mental incapacity. Here all that it is really necessary to decide is that a conveyance of property at less than one-tenth of its value, procured from a lunatic who is totally incapable of understanding the transaction, by one who knows of the infirmity, and takes advantage of it in order to obtain the property, transfers no valid title; that the act of so acquiring the possession is tortious; and that an action of trover for its value may be maintained by a committee subsequently appointed in proceedings wherein the insanity of the grantor at the time of the execution of the conveyance has been judicially determined. The language of the court in Baird v. Howard, 51 Ohio St. 57, 65, 36 N. E. 732, 734, 22 L. R. A. 846, 46 Am. St. Rep. 550, seems applicable:

"It thus appeared not merely that a contract had been made, but that the defendant had secured the possession of the plaintiff's property by knowingly taking advantage of the latter's temporary incapacity. Had possession been taken while the plaintiff's senses were overcome by sleep, no one would deny that such a possession was wrongful. The difference between the character of a possession secured by the latter method and one deliberately obtained through the medium of an invalid contract, made with one whose senses the possessor knew at the time were stupefied by excessive intoxication, is one of degree, rather than principle. That in the former case the transaction would involve a trespass, and possess none of the features peculiar to contracts, while in the latter case it took the form of a contract, is a distinction possessing little, if any, materiality in this connection. The fraud inhering in the one should be deemed a substantial equivalent to the force involved in the other method of obtaining possession. Each is wrongful. To secure the possession of property by means of a contract made with its owner by one who at the time knew him to be incapable of entering into a contract, constitutes a fraud."

The complaint need not allege a demand, nor set forth the facts by which the conversion was accomplished. Thurston v. Blanchard, 22 Pick. 18, 33 Am. Dec. 700; Green v. Russell, 5 Hill, 183; Decker v. Mathews, 12 N. Y. 313; Chapin v. Bank, 31 Hun, 529; Schmidt v. Bank, 64 Hun, 298, 19 N. Y. Supp. 252; Hutchinson v. Whitmore, 90 Mich. 255, 51 N. W. 451, 30 Am. St. Rep. 431; Duggan v. Wright, 157 Mass. 228, 32 N. E. 159. The judgment and order should be reversed.

Judgment and order reversed, and a new trial granted; costs to abide the event. All concur.