NEWTON v. EVERS et al.

(Supreme Court, Special Term, Erie County. July 11, 1910.)

1. INSANE PERSONS (§ 65*)—REAL PROPERTY—CONVEYANCE BY COMMITTEE.

The committee of a lunatic has no title to or interest in the lunatic's real estate, but is simply an agent or representative of the court, and has no independent power to dispose of such real estate in any manner whatsoever, and a deed of the real property of an adjudged lunatic executed by the committee is valid only when executed in strict compliance with the provisions of the Code.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 111; Dec. Dig. § 65.*]

2. INSANE PERSONS (§ 65*)—REAL PROPERTY—CONVEYANCE BY COMMITTEE.

W. conveyed land to B. taking a mortgage for the unpaid purchase money. B. was adjudged insane, and his committee made an unauthorized conveyance of the land to W., who released the mortgage and repaid to the committee the amount received from B. By mesne conveyances the land was conveyed from W. to defendant, one of the intermediate grantees executing a mortgage thereon for purchase money, which was assigned to plaintiff. B. having been adjudged sane and restored to his property rights conveyed the land to defendant. *Held* that, though the committee and W. acted in good faith, and defendant had notice of the transactions, the deed by the committee being void, defendant's title from B. was absolute, and not subject to the mortgage.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 111; Dec. Dig. § 65.*]

3. MORTGAGES (§ 282*)—ASSUMPTION BY PURCHASER—CONSIDERATION—FAILURE OF TITLE.

Where land passed through the hands of several grantees subject to a mortgage for purchase money, and the title of the first taker was adjudged absolutely void, the consideration for the personal promises to pay having failed, the promises could not be enforced by the holder of the mortgage. The bond and covenants to assume and pay the mortgage were without consideration to support the promise to pay.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 751; Dec. Dig. § 282.*]

Action by George M. Newton, as administrator of the estate of Elizabeth Newton, deceased, against Jesse Evers and others to foreclose a mortgage. Complaint dismissed.

J. S. Hurlbert (W. S. Thrasher, of counsel), for plaintiff.
Ferguson & Magavern, for defendant Julia E. Ferguson.
William J. Volker, for defendants Kruse.
W. W. Saperston (D. M. McNaughton, of counsel), for defendant McKenzie.
C. D. Coyle, for defendants Evers.

POUND, J. This is an action to foreclose a purchase-money mortgage on real property in Erie county, made by Jesse Evers and wife to Louisa K. Kinner to secure the payment of $1,500 in 10 annual installments of $150 each, dated August 5, 1887, and duly recorded. No part of the principal has been paid, and no interest since February 1, 1889. The total amount due thereon at the time of the trial was $3,400.75. The premises are worth much less. The mortgaged

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

premises were originally conveyed by Nelson Woodward and wife to William H. Blakely, by deed dated September 17, 1884. The consideration for such conveyance was $1,500; $500 in cash, and the balance secured by mortgage. About one year later, in proceedings in this court, Blakely was duly adjudged a lunatic and John Vellum was duly appointed committee of his person and estate. On September 16, 1885, Vellum as such committee, without so much as the form of authorization from any court, executed a deed of the premises to Woodward, who thereupon discharged the purchase-money mortgage of $1,000 executed by Blakely, and gave a mortgage to the committee to secure the repayment by him of the $500 which he had received from Blakely, which mortgage was afterwards paid to and discharged by the committee. Woodward thereafter conveyed to Kinner; Kinner to Evers, who gave the mortgage now in suit, to secure a bond for payment of a portion of the purchase price, which bond and mortgage were thereafter duly assigned to plaintiff's intestate; Evers conveyed to McKenzie, who assumed and agreed to pay the mortgage; McKenzie to the Kruses, who also assumed and agreed to pay the mortgage; the Kruses to Drefs and Cook; and Drefs and Cook to Julia E. Ferguson. The last-mentioned conveyance was dated August 17, 1889, and recorded September 9, 1890. Such proceedings were subsequently had that on the 28th day of April, 1891, an order of this court was duly made and entered, judicially declaring Blakely to be sane. The committee thereafter accounted for the moneys of said lunatic coming into his hands, consisting chiefly of the $500 above received from Woodward, and his accounts were duly settled. On June 3, 1891, he was ordered to, and did, pay over to Blakely the balance of money in his hands, and was duly discharged. Blakely, having been restored to the control of himself and his property, by deed dated May 4, 1891, acknowledged May 15, 1891, and recorded June 26, 1891, conveyed the premises in suit, with covenants against grantor, to Julia E. Ferguson who had already taken the Woodward title through Drefs and Cook as above set forth. She thereafter took possession of the premises and had a tenant thereon in 1903 who paid her rent. Mrs. Ferguson took the Woodward title with full knowledge of its infirmities. Her husband and agent, Mr. Frank E. Ferguson, knew at the time she took the deed from Drefs and Cook of the deed by Vellum as committee back to Woodward and of the mortgage in suit, and it was on his representations that their title was bad that Drefs and Cook, in the words of Mr. Drefs, "made him a present" of the property by deeding it to Mrs. Ferguson. Mr. Ferguson's law firm afterwards represented Mr. Blakely in the proceedings whereby the latter was judicially declared competent, but it does not appear that Mr. Ferguson actually knew of the transactions between Vellum as committee and Woodward, other than the deed.

It is now claimed by the defendant Julia E. Ferguson (a) that the deed by Vellum as committee to Woodward was void, and (b) that therefore her title from Blakely is superior to the title of Woodward and his grantees under the committee's deed and to the lien of the mortgage in suit, and to any equities arising out of the restoration by Woodward to the committee of the purchase money paid and the

discharge by Woodward of the purchase-money mortgage given by Blakely. The defendants Evers, McKenzie, and Kruse also answer, but as their rights and liabilities depend upon the chain of title from Vellum as committee, the various defenses interposed by them are disposed of by the disposition made of that title.

The committee of a lunatic has no title to or interest in the lunatic's real estate, but is simply an agent or representative of the court, and has no independent power to dispose of such real estate in any manner whatsoever. A deed of the real property of an adjudged lunatic is valid only when executed in strict compliance with the provisions of the Code of Civil Procedure relative to the sale of real estate of infants, lunatics, etc. Pharis v. Gere, 110 N. Y. 336, 18 N. E. 135, 1 L. R. A. 270. The deed executed by Vellum, as committee of Blakely, to Nelson Woodward was therefore absolutely void. The execution of such deed by Vellum, as committee, to Woodward and the discharge of the Blakely purchase-money mortgage by Woodward, and the restoration by him of the $500 paid by Blakely on the purchase price, taken together, plainly indicate a well-meaning, but wholly irregular, attempt on the part of Vellum and Woodward to place the parties in the position they were in prior to the conveyance by Woodward to Blakely. The good faith and fairness of the transaction are obvious, but good faith and fairness do not take the place of orders of the court, made in conformity with statutory provisions, which alone can give validity to the acts of the committee. Woodward acquired no title under the committee's deed. The deed was not voidable merely, but absolutely void. It left the parties, so far as title to the realty goes, as if no deed had been given. It had no legal existence or vitality. Losey v. Stanley, 147 N. Y. 560, at page 573, 42 N. E. 8; Van Deusen v. Sweet, 51 N. Y. 378; Sander v. Savage, 75 App. Div. 333, 78 N. Y. Supp. 189. As the deed conveyed no title out of Blakely, Blakely's deed to Mrs. Ferguson conveyed Blakely's title to her.

There is no question of ratification here, for evidence is wholly lacking to charge Blakely with knowledge or notice of the committee's deed. But even if the item of $500 in the committee's accounts were enough to put him on inquiry, or even if he knew the facts, he, in effect, disaffirmed the committee's deed, or at least evidenced his intention not to ratify it, when he conveyed to Mrs. Ferguson with covenants against grantor. As the deed was void, and not voidable merely, he was under no obligation to restore the consideration to Woodward before making the conveyance to her. As for Mrs. Ferguson, she is in the position of one dealing with a restored lunatic who fails to ratify the void conveyance of his committee. So far as his title is concerned, knowledge of all the facts would not charge the premises with equities in favor of plaintiff as against her, nor is there any question of estoppel. Neither Blakely nor Mrs. Ferguson has done anything to preclude them from showing the truth. Although plaintiff loses his money, his intestate was chargeable with notice of the invalidity of the Woodward title and of Blakely's legal interest in the lands, and his slender equities are overbalanced by Mrs. Ferguson's legal title. Losey v. Stanley, supra.

It follows that the mortgage in suit is not a lien on the mortgaged premises. Woodward is not a party to this action, and his equities, if any, under the Blakely mortgage which he discharged, presumptively under mistake of law, cannot be adjudicated here. The consideration for the several personal promises to pay the purchase price having failed, such promises cannot be enforced by the plaintiff. The moving cause for such promises was the land, and, as that failed to pass, the bond and the covenants to assume and pay the mortgage are without consideration to support the promise to pay. Dunning v. Leavitt, 85 N. Y. 30, 39 Am. Rep. 617.

Complaint dismissed. Decision accordingly.