(158 App. Div. 192.)

RICHIE v. SHEPARD et al.

(Supreme Court, Appellate Division, Second Department.　July 25, 1913.)

1. INSANE PERSONS (§ 26*)—INQUISITION—CONCLUSIVENESS.

In an action on notes executed about two months before the presentation of a petition for an inquisition into the mental competency of the maker and within the period covered by the finding of incompetency, such finding was presumptive evidence of the maker's incompetency at the time of the making of the notes.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 35, 36; Dec. Dig. § 26.*]

2. APPEAL AND ERROR (§ 203*)—RESERVATION OF GROUNDS OF REVIEW—NECESSITY.

In an action against executors, where no formal objection was made to the testimony of a legatee concerning the testator's physical and mental condition on the ground that she was incompetent to testify, such objection was unavailing upon appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1064; Dec. Dig. § 203.*]

3. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

A judgment for defendant would not be reversed for technical errors in the admission of questions asked defendant's witnesses, where there was a complete failure of proof on plaintiff's part.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

4. INSANE PERSONS (§ 97*)—ACTIONS—PLEADING.

In an action on notes in which the answer alleged that the maker was incompetent at the time of making the notes, the record of proceedings instituted and carried out by plaintiff shortly after the execution of the notes to have the maker declared incompetent, in which it was found that she had been incompetent for seven years, was admissible against plaintiff, although not specifically pleaded.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 169–171; Dec. Dig. § 97.*]

Burr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by William N. Richie against Winifred K. Shepard and another, as executors of Lottie N. Palmer, deceased. From a judgment for defendants and an order denying a new trial, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Adolph Ruger, of Brooklyn, for appellant.

Burt D. Whedon, of New York City, for respondents.

CARR, J.　The plaintiff in this action sued the defendants, who are the executors of the last will of Lottie N. Palmer, deceased, to recover on two promissory notes, alleged to have been made by the decedent in favor of the plaintiff, each in the sum of $4,000, payable six months after date, and dated respectively June 11, 1907, and August 23, 1909.　The answer set up various defenses, together with a denial of the making of the notes by the decedent.　There was no proof of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

any consideration for the notes except such as may rest upon the fact that each note contained the words "value received." A defense was set up to each note, that at the time of the alleged making thereof the decedent was an old woman who was wholly incompetent to manage her business affairs, that she was easily induced to part with her money and property, and that said notes had been procured from her by undue influence on the part of the plaintiff, who was her pastor and spiritual adviser at the time of the alleged making of the notes in question.

[1] It appears that on October 7, 1909, about two months after the date of the last note, the plaintiff presented a petition to the Supreme Court in Kings county asking for an inquisition into the mental competency of the deceased, in which petition he set forth that during the past eight years she had been unable to manage her affairs, and that designing persons had taken from her at least the sum of $20,000. On this petition an order was made directing the taking of an inquisition before three commissioners and a jury. An inquisition was taken, in which it was found by the commissioners and the jury that the decedent was incompetent to manage her affairs, and that such incompetency dated from January 1, 1902. This inquisition was confirmed, and the petitioner, who is the plaintiff here, was appointed as the committee of the person and property of the alleged incompetent. After her death he turns up with these notes, and seeks to enforce them against the estate, although they were given within the period "overreached" by the inquisition in the proceeding which he himself initiated and carried to completion, and which if paid would practically exhaust the estate. The finding of the jury on this inquisition is presumptive evidence of the decedent's incompetency at the time of the making of the notes upon which plaintiff now sues. Van Deusen v. Sweet, 51 N. Y. 378, 386. In addition to this, we have the facts set forth by plaintiff in his petition as aforesaid, that he was the spiritual adviser of this very old and mentally weak woman. On the trial he offered no evidence beyond an attempt to prove the signature of the decedent and thus establish the making of the notes. The jury found a verdict for the defendants.

[2] On this appeal it is argued that certain prejudicial errors were committed on the trial which require a reversal of the judgment. The defendants offered in evidence the deposition of one Mrs. Hunter, which had been taken out of court, in the presence of the attorney for plaintiff; the witness being ill. Mrs. Hunter was a legatee under the will of the testator. She was examined as to the physical and mental condition of the decedent during the years in question. It is now urged that it was error to permit this evidence, as she was an interested party, and therefore her testimony was incompetent under section 829 of the Code. No formal objection was made to her testimony on this ground; hence such objection was unavailing, according to settled rules.

[3] Some of the questions put to this witness as to the mental condition of the decedent at the time the notes were made were too broad, as the witness was a lay person; but we do not consider these technical errors as presenting reversible error, for, even if the entire testimony

of this witness be disregarded, there was a complete failure of proof on the part of the plaintiff to meet the presumption raised by the inquisition.

[4] It is argued further that it was error to allow defendants to offer in evidence the record in the incompetency proceedings, as the same were not specifically pleaded in the answer. As before stated, the answer did set up that decedent was incompetent to attend to her affairs at the time of the making of these notes, and I think that the incompetency proceedings, which had been initiated and carried out by the plaintiff in this action, were admissible against him on that issue, without being specifically pleaded. In any event, there is no authority to the contrary presented by the appellant in his brief.

The judgment and order should be affirmed, with costs.

JENKS, P. J., and THOMAS and PUTNAM, JJ., concur. BURR, J., dissents upon the ground that the testimony appearing at folios 77 to 84 inclusive was incompetent.