## SCHANCK et al. v. HOOPER.

(Supreme Court, Special Term, Monroe County. July 31, 1916.)

*(Syllabus by the Court.)*

1. INSANE PERSONS ⬅73—CONTRACTS—BONA FIDE PURCHASERS.

An assignment of a bond and mortgage and of a chattel mortgage by a person of unsound mind is void, and confers no title upon a bona fide purchaser from the assignee.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 125, 132–138, 153; Dec. Dig. ⬅73.]

2. INSANE PERSONS ⬅26—INQUISITION—CONCLUSIVENESS OF FINDING.

The finding of a jury de lunatico inquirendo is confined, under Code Civ. Proc. § 2335, to the time of the hearing and is conclusive upon the subject of incompetency thereafter, but creates no presumption as to in-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

competency prior thereto, though the findings overreach the acts under inquiry in the action.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 35, 36; Dec. Dig. ☜26.]

3. ASSIGNMENTS ☜134—ACTIONS—BURDEN OF PROOF.

In an action to set aside transfers and assignments made by a woman 86 years of age to another, who is a niece of her husband, the relationship of the parties is confidential, and the burden is upon the latter to show that the transaction was done in good faith and without the exercise of fraud and undue influence.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 229–231; Dec. Dig. ☜134.]

4. EVIDENCE ☜211—ADMISSIONS—EVIDENCE IN FORMER PROCEEDING.

Evidence of parties to an action taken in a habeas corpus proceeding to inquire into the detention of a woman 86 years of age is admissible as admissions in an action brought to set aside transfers and assignments made by her to one of the defendants in the action.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 738–744; Dec. Dig. ☜211.]

Action by Willard P. Schanck and another as committee, etc., against Mary Temple Van Voorhis Hooper, to set aside transfer of bank deposit. Judgment for plaintiffs.

Ednor A. Marsh, of Rochester, for plaintiffs.
Albright & Mepham, of Rochester, for defendant.

RODENBECK, J. The conspicuous fact that stands out above all others in the history of this feeble old lady, Mrs. Harriett Van Voorhis, is that when she went to live with a niece of her husband, Mrs. Hooper, November 7, 1914, she was possessed of a chattel mortgage for $1,371.67, a bond and mortgage on real property for $1,087.50, and money in the bank amounting to $3,482.57, and when she left there to go to live with her other relations, July 26, 1915, a period of a little over 8 months, she had disposed or been relieved of all of it, and was a pauper at 86 years of age. Mrs. Hooper had agreed to take care of her for $25 a week, which during this period would amount to about $850, and had received in cash $750 and yet Mrs. Van Voorhis turned over to her all her money in the bank June 5, 1915, which at that time amounted to $2,506.60, and had previously assigned to her both the chattel mortgage and bond and mortgage, leaving her without any money or other property to take care of her in her ripe old age. Mrs. Hooper realized that these bald facts called for some explanation, and she sought to justify upon the ground that there was an agreement to take care of Mrs. Van Voorhis the rest of her life, which she was prevented from carrying out by the proceedings in and out of court by Mrs. Van Voorhis' relatives; but this old lady, suffering as I believe she is from senile dementia, went on the witness stand and denied that any such agreement was made. This explanation does not strike me as sufficient to warrant the court in allowing Mrs. Hooper to enjoy the fruits of this old lady's savings, where there appears such a disparity between the mental and physical strength of the parties involved in the transaction.

Soon after Mrs. Van Voorhis went to live with Mrs. Hooper, the former began to draw Mrs. Van Voorhis' money out of the bank, and by March of the following year, or within four months thereafter, when there could not have been an indebtedness to that extent, she had given to Mrs. Hooper $750. These withdrawals excited the suspicions of those with whom Mrs. Van Voorhis had had business and family relations, and resulted in a commission to inquire into her competency. The cause of Mrs. Van Voorhis was vigorously championed by Mrs. Hooper, which naturally attracted the old lady to her. Mrs. Hooper obtained a written order for all of Mrs. Van Voorhis' papers, and obtained them from Mrs. Van Voorhis' attorney March 4, 1915, while the proceedings were pending. Mrs. Van Voorhis was not produced before the jury, and it found her competent on April 3, 1915. Not waiting for the confirmation of the verdict, Mrs. Hooper secured an assignment of the chattel mortgage for $1,371.67 and the bond and mortgage for $1,087.50, representing a total of $2,459.17, on April 10, 1915, and the very next day after the verdict was confirmed by the county judge she caused to have withdrawn from the bank the balance to the credit of Mrs. Van Voorhis of $2,506.60 June 5, 1915, making a grand total of $4,965.77 she had obtained, beside $750 previously received. The money in the Union Trust Company was withdrawn, I believe, for the purpose of depositing it in another bank, and not for the purpose of giving the money to Mrs. Hooper. Thus was accomplished the stripping of this helpless old lady of every dollar she had in the world.

[1] If any reasons are necessary, other than the bare recital of these facts, for the conclusion of the court that these transactions, other than the payment of $750 for services, should not stand, they are to be found in the incompetency of Mrs. Van Voorhis. She was declared competent by the first jury, but its verdict has effect only as of the date of its rendition, April 3, 1915, and the transfers and withdrawal in question were made thereafter. She is presumed to have been competent on that day, but I believe that she was not such when the assignments were made or the money withdrawn. Life is precarious at 86 years of age, and not only may the strength of mind give way from one day to another, but life itself hangs by a very slender thread. Persons who came in contact with her during the days of the first proceeding and later said that her acts were irrational, and a physician who had known her as far back as he could remember said that in March and April, 1915, she was suffering from senile dementia, a progressive disease of the mind. Mrs. Hooper herself admitted that Mrs. Van Voorhis at about that time was incompetent to transact any business or look after her affairs, and was liable to sign papers or do anything else. In fact, she said that she had been incompetent for the preceding 8 years. Finally, in a letter to Martha Kelly on August 28, 1915, she said:

"Mrs. Van Voorhis has suffered two slight and one severe shock of apoplexy, from which she has recovered only to be weak-minded and unable to care for herself at all. She does not comprehend general conversation at all, and understands only by repeating several times what we wish to say to her."

When Mrs. Van Voorhis wrote to Mrs. Kelly, asking the whereabouts of Mrs. Hooper, she said, among other things:

"I am so disappointed in the woman, and she made me much trouble, and has tied up my money matters; but I hope to be free again. * * * I can get her where I can get all my money; * * * if I cannot find her or the boys, she may have to go to state prison, so the judge says. Mrs. Hooper may have to go to prison for the work she has done."

Habeas corpus proceedings were instituted July 14, 1915, to inquire into the detention of Mrs. Van Voorhis by Mrs. Hooper, and Mrs. Van Voorhis was returned to other relatives July 26, 1915, and finally she was adjudged incompetent, and plaintiffs were appointed her committee and commenced this action. The committee found no property of Mrs. Van Voorhis', except this suit, and she is now living on the bounty of her relatives.

[2] This evidence leads to the conclusion that Mrs. Van Voorhis was not competent when she transferred her property to Mrs. Hooper. She did not realize what she was doing when she made the assignments of the mortgages and when she withdrew the money from the Union Trust Company, thus pauperizing herself and making herself dependent financially upon others. These acts, under the circumstances, are not rational in themselves. The verdict of the jury on December 20, 1915, overreached the period covered by the assignment and withdrawal; but this was unauthorized and raises no presumption as to her condition prior to the date of the verdict. Matter of Preston, 113 App. Div. 732, 99 N. Y. Supp. 312; Matter of Demelt, 27 Hun, 480. There is abundant evidence, however, of her incompetency from the lips of witnesses and her own irrational acts and the circumstances of the case.

[3, 4] But, even if she were competent, I am satisfied that the assignments and the transfer of the money were the result of undue influence exercised over her by Mrs. Hooper. The extent of this influence depends upon the character and condition of the parties, and what might amount to undue influence in the case of an old lady of 86 years might not be such in the case of a younger person. Nor is it always revealed in words, but must be gathered from acts, circumstances, and the actual results of the relations of the parties. In this case efforts were made by Mrs. Hooper to keep Mrs. Van Voorhis from seeing her relatives, extending to threatened violence if they did not leave the premises. What she told the old lady we do not know, but we do know that she became estranged from all her other relatives and surrendered all her property to Mrs. Hooper. Mrs. Hooper's was the dominant will, and the relation of the parties, aunt and niece, called for an explanation. Bell v. Smith, 83 Hun, 438, 32 N. Y. Supp. 54; Boyd v. De La Montagnie, 73 N. Y. 498, 29 Am. Rep. 197. The facts upon the subject of undue influence are meager, but the result must be the result either of incompetency on the part of Mrs. Van Voorhis, or undue influence on the part of Mrs. Hooper, or perhaps of both causes.

The defendant Wallace is not entitled to the protection of the court in his dealings with Mrs. Hooper, since he knew of the proceedings to adjudge Mrs. Van Voorhis incompetent and was thereby put on his

guard. The defendant Wolffsberger obtains no title, since the original title came from Mrs. Van Voorhis, a person of unsound mind, and he received no better title than Wallace, who foreclosed the chattel mortgage and sold the truck to him. Van Deusen v. Sweet, 51 N. Y. 378; Brown v. Miles, 61 Hun, 453, 16 N. Y. Supp. 251; Valentine v. Lunt, 51 Hun, 544, 3 N. Y. Supp. 906; Booth v. Fuller, 35 App. Div. 117, 54 N. Y. Supp. 670; Sander v. Savage, 75 App. Div. 335, 78 N. Y. Supp. 189. The evidence taken in the habeas corpus proceeding was competent, as admissions by parties. Vollkommer v. Cody, 177 N. Y. 124, 69 N. E. 277.

The transactions should not be allowed to stand, and the assignments of the bond and mortgages and the transfer of the funds in the bank are null and void, and all subsequent transfers and proceedings in relation to them should be set aside, and restoration made so far as practicable.